## OLIVIER *v.* BLANCQ, EXECUTOR.

Donations of moveables to a concubine are valid, but they may be reduced to one-tenth of the value of all the property left by the testator. C. C. 1468.

APPEAL from the District Court of Plaquemines, *Rousseau*, J. *Maurian* and *Lambert* for the plaintiff. *Lavergne* for the appellant. The judgment of the court was pronounced by

OLIVIER
*v.*
BLANCQ.

ROST, J.   The plaintiff claims from the executor of *Barthélemy Favre D'Au-noy* : 1st.  The amount of a note of $2,400, executed in her favor by the testator, and acknowledged in his will to be due.   2d.  The sum of $450, for the hire of the slave *Nina*, during four years and a half.   3d.  The sum of $200, for cloth-ing and food furnished to the slaves of the succession, and personal attention to its concerns.   She also prays for interest on those sums, and for general relief. The defenJant filed a general denial, pleaded want of consideration for the note, and alleged that the plaintiff was the concubine of the deceased, and incapablo as such to receive a donation from him.   There was a judgment in favor of the plaintiff, and the defendant appealed.

We have risen from the perusal of the record fully convinced that no serious consideration had passed for the note sued upon, and that the plaintiff had no claim for the hire of the slave *Nina*.   The services of that slave and her own were not an adequate compensation for the support and maintenance of herself and her children by the testator.   Persons in her situation are apt to keep their cash accounts balanced; and a very strong case indeed would have to be made out, before courts of justice could allow claims like the present.

But suppostting the note to be a disguised donation, that donation is reiterated in the will; and the bequest is not void, because the testator has attempted to conceal the motive which induced him to make it.

It is alleged that the plaintiff was incapable of receiving from the testator a donation of any kind.   The law is clearly otherwise.   Donations of moveable effects to concubines are valid, but may be reduced to one-tenth of the value of all the property left by the testator.   C. C. art. 1468.

In this case it is not shown that the donation is excessive.   The plaintiff is therefore entitled to recover the amount of the legacy, with interest.   She is further entitled to recover $40, paid by her on account of the succession.

It is therefore ordered that the judgment in this case be reversed ; and that there be judgment in favor of the plaintiff for the sum of $2,440, with legal in-terest from the 13th of November, 1846, till paid, and the costs of the District Court ; those of this appeal to be paid by the plaintiff and appellee.